UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| MARION KILBURN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 17-139-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AARON SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Marion Kilburn has filed a petition for a writ of habeas corpus in which he seeks to vacate his state court convictions arising out of a drunk driving incident. [Record No. 1] Consistent with local practice, Kilburn's petition was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). United States Magistrate Judge Candace J. Smith issued her Report and Recommendation ("R&R") on April 22, 2019, recommending that Kilburn's petition be denied. [Record No. 18] Kilburn filed timely objections to the R&R after being granted an extension of time in which to do so. [Record No. 21] After careful review of this matter, the Court will deny the relief sought.

**I.**

Petitioner Kilburn caused a motor vehicle accident on February 4, 2011, while driving with a blood alcohol level nearly three times the legal limit. More specifically, he drove at an excessive speed on the wrong side of the highway and struck another vehicle head-on, seriously injuring an adult and a five-year-old child. Following a jury trial in the Floyd Circuit Court, Kilburn was convicted of first-degree assault, fourth-degree assault, driving under the

influence, operating on a suspended license (second offense), operating a motor vehicle without insurance, and being a persistent felony offender in the first-degree. He was sentenced to 24 years' imprisonment.[1]

Kilburn filed a *pro se* motion to vacate his sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. The Floyd Circuit Court appointed counsel for Kilburn and held an evidentiary hearing. The court ultimately rejected Kilburn's various ineffective-assistance-of-counsel claims, concluding that trial attorney Emma Jones "did what she could with the case she had to work with." [Record No. 1-5]

Kilburn appealed this decision, but raised the single claim that Jones was ineffective for failing to pursue a defense theory based on a head injury that he allegedly suffered the day before the accident. The Kentucky Court of Appeals rejected the claim, noting that Jones had acted reasonably with respect to Kilburn's alleged head injury or "black-out" theory. [Record No. 1-4] To wit, she retained an expert to explore the theory, but ultimately did not present it to the jury. The court explained that doing so would have highlighted Kilburn's history of alcohol use, and would have opened the door for the Commonwealth to present Kilburn's "significant history of drinking-related charges." *Id.*

Kilburn subsequently filed a petition in this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. Despite his assertion of the single claim before the state appellate court, Kilburn attempted to resurrect all the claims he brought in his original

---

[1] Kilburn's conviction for operating a motor vehicle without insurance was reversed on appeal. *Kilburn v. Commonwealth*, No. 2012-SC-000494-MR, 2014 WL 1514622, at *4-*6 (Ky. Apr. 17, 2014). The remaining charges were affirmed, and Kilburn's 24-year sentence was not affected. *Id.* at *7.

Rule 11.42 motion before the Floyd Circuit Court. However, the magistrate judge correctly noted that "[a] petitioner who had the opportunity to raise constitutional issues in a state postconviction proceeding but failed to do so has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice from the alleged constitutional error." [Record No. 18, p. 29] Despite the probable waiver, the magistrate judge then considered the additional claims but determined that they failed on the merits.

## II.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Accordingly, the Court's analysis is limited to the issues raised in Kilburn's objections to the R&R.

## III.

Kilburn asserts that "he fell and hit his head the day before the accident, and that he did not remember anything until he woke up in the hospital nine to ten days later." [Record No. 21, p. 3] He contends that Jones knew that he wanted to advance this theory at trial, and that she performed ineffectively when she failed to comply with his request. Kilburn does not dispute that Jones hired a psychologist to evaluate him, however, and the expert's opinion ultimately was not helpful to his case. Kilburn did not recall disagreeing with Jones about the decision not to call the expert.

"A writ of habeas corpus on behalf of a state prisoner may be granted only under highly limited circumstances." *Stojetz v. Ishee*, 892 F.3d 175, 190 (6th Cir. 2018). Specifically, courts should not grant a habeas petition unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Kilburn concedes that the state court did not reach a decision contrary to, or unreasonably apply, clearly established federal law. Instead, he claims that the state court's denial of his motion to vacate was based on an unreasonable determination of the facts in light of the evidence before it. This is a difficult burden to satisfy because the state court's factual determinations are presumed to be correct. *See* § 2254(e)(1). But even without the presumption in its favor, it is clear that the state court made a reasonable decision concerning the adequacy of Jones' performance.

Kilburn contends that Jones provided ineffective assistance when she consulted with a psychologist rather than "an expert necessary to explore the neurophysiological medical issues" present in the case. The state court correctly analyzed Kilburn's claim under *Strickland v. Washington*, which requires him to show that counsel's performance was objectively unreasonable and that he was prejudiced as a result. 466 U.S. 668, 687 (1984).

Kilburn has not shown that the state court's decision constituted an unreasonable application of *Strickland* or that its decision was based on an unreasonable determination of the facts. A reviewing court's scrutiny of defense counsel's performance is highly deferential, and counsel is presumed to have rendered adequate assistance by exercising reasonable

judgment and sound trial strategy. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). Jones testified during the state-court evidentiary hearing that her trial strategy was to secure a conviction on a lesser degree of assault, which would have permitted earlier parole eligibility. And while Kilburn ultimately was convicted of first-degree assault, Jones was successful in keeping evidence concerning Jones' extensive criminal history out of the guilt phase of the trial.

Simply put, Kilburn's claim that counsel prevented him from presenting a complete defense lacks merit. Unlike *Crane v. Kentucky*, 476 U.S. 683 (1986), upon which Kilburn relies, there was no "competent, reliable evidence" excluded from trial. Kilburn's arguments concerning the need for a neurophysiological expert are based purely on conjecture. There is no indication that such an expert could have testified favorably concerning the black-out defense. And, as the state court noted, Jones had good reasons for not raising the defense. Kilburn concedes that he was intoxicated when he fell and allegedly hit his head. Further, introduction of such evidence would have opened the door to evidence of Kilburn's history of alcohol-related offenses, which otherwise would not have been admissible.

Kilburn's reliance on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), is also misplaced. *McCoy* provides that the defendant has autonomy to decide the *objectives* of his defense. Here, Kilburn pleaded not guilty and exercised his right to a jury trial (despite the Commonwealth's offer of a plea bargain), and there is no suggestion that Jones interfered with these objectives. Counsel's duty concerning the means by which the objectives are achieved, e.g., to investigate and retain expert witnesses, is not without limits. *See Strickland*, 466 U.S. at 690-91. The reasonableness of counsel's decisions is judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 960. The record indicates that Kilburn agreed with

counsel's strategic choices at the time of trial. Further, there is nothing to suggest that the course of action Kilburn suggested after the fact would have made any difference in the outcome of his trial.

The Court also agrees with the magistrate judge's conclusion that an evidentiary hearing is not warranted. The Court's review under § 2254(d)(1) generally is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Kilburn contends that the state court hearing was flawed, but he does not provide facts to support this assertion. He was represented by counsel, and both he and his trial attorney testified. There is simply nothing to suggest that the state court denied Kilburn a full and fair hearing. *See Ceasor v. Ocwieja*, 655 F. App'x 263, 287 (6th Cir. 2016) (citing *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004)). He may not utilize a federal court sitting in habeas to introduce evidence that could have been presented to the state court in the first instance. *See Miles v. Colson*, 463 F. App'x 540, 540 (6th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 420, 432 (2000)).

## IV.

Kilburn may not appeal this decision to the United States Court of Appeals for the Sixth Circuit unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this showing, the applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court has denied the petition on procedural grounds without reaching the underlying

constitutional claims, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the state courts have adjudicated the petitioner's claims on the merits, the relevant question is whether reasonable jurists would debate the district court's application of § 2254(d). For the reasons explained herein, Kilburn has not made the necessary showing. The Kentucky Court of Appeals properly applied *Strickland v. Washington*, 466 U.S. 668 (1984), and determined, based on a reasonable interpretation of the facts, that Kilburn's trial attorney acted within the broad scope of reasonable assistance of counsel. Accordingly, a COA will be denied.

V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Kilburn's objections to the Report and Recommendation [Record No. 21] are **OVERRULED**.

2. United States Magistrate Judge Candace J. Smith's Report and Recommendation [Record No. 18] is **ADOPTED** and **INCORPORATED** in full.

3. Kilburn's petition under 28 U.S.C. § 2554 [Record No. 1] is **DENIED** and this action is **DISMISSED** and **STRICKEN** from the docket.

Date: June 5, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge